**MIAO ZHOU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 08–0345–ag.

United States Court of Appeals, Second Circuit.

Oct. 7, 2008.

---

Fuhao Yang, New York, N.Y., for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Russell J.E. Verby, Senior Litigation Counsel, and Robbin K. Blaya, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. B.D. PARKER, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Miao Zhou, a native and citizen of the People's Republic of China, seeks review of a December 19, 2007 order of the BIA affirming the February 15, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Miao Zhou,* No. A95 708 744 (B.I.A. Dec. 19, 2007), *aff'g* No. A95 708 744 (Immig. Ct. N.Y. City Feb. 15, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to

undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003), superceded by statute on other grounds as stated in *Xiu Xia Lin v. Mukasey,* 534 F.3d 162 (2d Cir.2008) (per curiam).

■ Zhou argues that the IJ erred in finding him not credible due in part to his failure to mention during his airport interview that he distributed between 500 and 600 photocopies of the Bible in China between 2000 and 2005. Where discrepancies arise from an applicant's statements in an airport interview, we closely examine the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements to merit consideration in determining whether the applicant is credible. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 179 (2d Cir.2004). Zhou does not meaningfully contest the accuracy of the statement that he gave during the airport interview. Rather, he argues that his airport interview statement was intended "inherently to summarize his situation" and should therefore not be used as the basis for an adverse credibility determination. However, Zhou also failed to allege in his asylum application that he made copies of the Bible for distribution in China. Indeed, Zhou did not mention the copies at all until he was cross-examined by the government's attorney at his hearing. Zhou's failure to mention in either his airport interview or his asylum application that he distributed between 500 and 600 copies of the Bible was a substantial omission. *See, e.g., Cheng Tong Wang v. Gonzales,* 449 F.3d 451, 454 (2d Cir.2006) (per curiam).

The IJ was not required to base his credibility findings only on inconsistencies that went to the "heart of the claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin,* 534 F.3d at 166–67. However, this particular omission did go to the heart of Zhou's claim because the issuance of the police summons was the primary basis for Zhou's allegation that he had a well-founded fear of future persecution in China. *See, e.g., Cheng Tong Wang,* 449 F.3d at 454

Moreover, the IJ did not err in basing his adverse credibility determination in part on inconsistencies between Zhou's testimony and other evidence in the record, including the household register for Zhou's family in China and the testimony of a witness who allegedly attended church with him in Brooklyn. Though more minor, these inconsistencies provide substantial support for the IJ's adverse credibility determination when viewed cumulatively. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (internal quotations marks and citations omitted)). Furthermore, Zhou's failure to submit documentation corroborating his claim properly reinforced the IJ's negative credibility finding.

■ On the other hand, Zhou correctly argues that the IJ erred in finding him not credible based on his lack of doctrinal knowledge. In denying Zhou's application, the IJ found that Zhou's testimony "reflect[ed] that he had no understanding of the requirements of the Catholic faith," noting, for example, that Zhou's testimony was "severely adverse" when he testified that Thanksgiving was a Catholic holiday. However, an IJ is generally not permitted to base an adverse credibility determination on an applicant's lack of familiarity with certain religious tenets because individuals may identify with a particular religion, and be persecuted for their affiliation with that religion, even in the absence of such knowledge. *See Rizal v. Gonzales,* 442 F.3d 84, 90 (2d Cir.2006).

Despite any error, remand in this case would be futile. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006). The IJ made sufficient error-free findings to support his ultimate conclusion that Zhou was not credible, and we can confidently predict that the agency would adhere to its decision on remand. *See id.* Zhou's failure to meet his burden with respect to his asylum claim necessarily precludes the success of his claims for withholding of removal and CAT relief, which shared the same factual predicate. *See, e.g., Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED.